UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE JESUS BARAJAS SALCEDO,

        Plaintiff,

v.                                        Case No. 1:07-cv-104

                                            Hon. Wendell A. Miles

WILLIAMS CHEVROLET, INC., WELLS FARGO
FINANCIAL ACCEPTANCE AMERICA, INC.,
MICHAEL TROY WARD,

        Defendants.

                                            /

OPINION AND ORDER

This matter is before the court on Plaintiff's Motion to Remand (dkt. #9) and Defendants' responses (dkt. ##16, 17, 18). Plaintiff contends that the notice of removal filed by defendant Wells Fargo Financial Acceptance America (Wells Fargo) was procedurally defective because defendant Williams Chevrolet (Williams) did not timely join or consent to removal. Having reviewed the parties' submissions, the court concludes that the Plaintiff's Motion to Remand must be granted and this matter remanded to the state court.

Plaintiff originally filed this action on December 11, 2006, in the Circuit Court for Grand Traverse County, asserting 15 causes of action including claims under the Truth in Lending Act, 15 U.S.C. § 1601 et seq., the Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq.. Williams was served on December 30, 2006; Wells Fargo was served on January 2, 2007. Wells Fargo filed its notice of removal on February 1, 2007. The only signature on the notice is that of Wells Fargo's counsel, Mark T. Boonstra. The notice does not indicate in any way that defendant

Williams consented to removal. When Wells Fargo filed its notice of removal, Williams had not appeared or filed an answer in state court. Williams filed its answer in this court on February 5, 2007 (dkt. #3), and its consent to removal on February 28, 2007 (dkt. #10). Also on February 28, 2007, Plaintiff filed his Motion to Remand.

### Discussion

It is the defendant's burden to establish that removal is proper, Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir.2000), and any doubts should be resolved in favor of remand. Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir. 1993). Title 28 U.S.C. § 1446 governs the procedure for removing cases from state to federal court. "A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure . . . ." 28 U.S.C. § 1446 (a). Subsection (b) of § 1446 requires that:

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which action or proceeding is based . . . .

The courts have interpreted § 1446 to impose a "rule of unanimity" which "requires that in order for a notice of removal to be properly before the court, all defendants who have been served must either join in the removal, or file a written consent to the removal." Brierly, 184 F.3d at 533 n.3. In Brierly, the Sixth Circuit held that under section 1446(b) each defendant has a thirty-day period of removal commencing from the date of service on that defendant. Id. at 533. Where a defendant's time to file a notice of removal has expired, that defendant may still join in or consent to a later-served defendant's notice of removal. Brierly, at 533.

Williams was required to file a notice of removal on or before January 29, 2007, thirty day after it had been served on December 30, 2006. Wells Fargo was served on January 2, 2007, and therefore, had to file its notice of removal on or before February 1, 2007, which it did. Although Williams' time for filing a notice of removal had expired, it was not precluded from joining or consenting to Wells Fargo's timely notice of removal. Williams' consent was filed on February 28, 2007, fifty-seven days after Wells Fargo was served, and twenty-seven days after Wells Fargo's right to properly remove the case had expired. The Brierly court held "that a later-served defendant has 30 days from the date of service to remove a case to federal district court, with the consent of the remaining defendants." Id. at 533. It is clear that under the holding in Brierly, a defendant that files a timely notice of removal must have the consent of all other defendants when the notice is filed, or at the least, within the removing-defendant's thirty day period for removal.[1]

In Loftis v. United Parcel Service, 342 F.3d 509 (6th Cir. 2003), the Sixth Circuit held that:

> all defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days of receipt of (1) a summons when the initial pleading demonstrates that the case is one that may be removed, or (2) other paper in the case from which it can be ascertained that a previously unremovable case has become removable.

Id. at 516. Wells Fargo contends that under the second prong of Loftis, consent to a later-served defendant's notice of removal must be given with thirty days of receiving the notice. In support of this contention, it argues that once Williams' thirty day period for removal had expired, the

---

[1] Defendant Michael Troy Ward was served on February 15, 2007. Because Ward had not yet been served at the time of removal, Wells Fargo was not required to obtain his consent or joinder in the removal.

case became "unremovable" from Williams' perspective. Wells Fargo's notice of removal constituted another "paper in the case from which it can be ascertained that a previously unremovable case has become removable," thereby commencing for Williams a thirty day period for consenting to removal. The court does not agree. Section 1446(b) provides in part that:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

The second prong of Loftis is only applicable "[i]f the case stated by the initial pleading is not removable." Here, the case was subject to removal from the time it was originally filed in state court. That Williams chose not to exercise its right to remove, does not convert the "case stated by the initial pleading," into a non-removable case.

Wells Fargo further contends that Williams' answer filed on February 5, 2007, which did not deny this court's jurisdiction, is deemed a consent in writing to the removal. Wells Fargo relies on Harper v. Autoalliance Int'l, Inc., 392 F.3d 195, 202 (6th Cir. 2004) for this proposition. There are, however, significant distinctions between Williams' answer and the answer filed by the defendant in Harper. The Harper defendant specifically stated in his answer that "Defendant Kelly asserts that the proper jurisdiction and venue for this case is the U.S. District Court for the Eastern District of Michigan, Southern Division." Id. Williams' answer is silent with regard to jurisdiction. Unlike the statement in Harper, Williams' silence cannot reasonably be deemed the necessary "consent to removal in writing" required under Loftis. In addition, the Harper defendant's consent contained in his answer was timely as the answer was filed within 30 days

4

of the defendant having been served. Williams' answer, due in state court on January 26, 2007[2], which was before Wells Fargo had removed the case, was filed nine days after it was due, seven days after Williams' right to file a notice of removal had expired, and four days after Wells Fargo's right to file a proper notice of removal had expired. Even assuming Williams' answer could be construed as consent to removal, it was untimely.

Attorney fees and costs

Plaintiff seeks an award of his costs and attorney fees incurred as a result of the removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." § 28 U.S.C. 1447(c). The section does not mandate an award of costs and fees. Courts are authorized to award fees and costs only when such an award is just. Martin v. Franklin Capital Corp., 126 S.Ct. 704, 710 (2005). However, the court does not necessarily have to find an improper purpose or bad faith to support an award under § 1447(c). Morris v. Bridgestone/Firestone, Inc., 985 F. 2d 238, 240 (6th Cir. 1993). The rule of unanimity, adopted in Brierly in 1993, was well established when Wells Fargo filed its notice of removal. The court is aware that Williams had not answered or filed an appearance in state court when Wells Fargo filed its notice of removal. However, there is no exception to the rule of unanimity that relieves a removing-defendant from obtaining the consent of a defendant proceeding without counsel, and there is no evidence that Wells Fargo made any attempt to obtain Williams' consent before filing its notice of removal. The court concludes that it is fair and just to award Plaintiff his costs and attorney fees.

---

[2] A defendant served by mail must file an answer or take other action permitted by law within 28 days after service. MCR 2.108(A)(2)

Conclusion

For the foregoing reasons, the court GRANTS the Plaintiff's Motion to Remand (dkt. #9); awards Plaintiff its reasonable attorney fees and costs incurred as a result of the removal; and REMANDS this case to the Circuit Court for Grand Traverse County.

So ordered this 1st day of June, 2007.

    /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge